**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0577-19

TYQUAN GIBBS, a/k/a
TWAIN ALBERCOMBIE,
TYWAIN ALBERCROMBIE,
TYWAN ALBROCOMBIE,
MASON BETHA, MASON
BETHEA, MARK FIELDS,
TYQUAN GARDNER, and
TY G,

     Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____

Submitted January 25, 2021 – Decided February 11, 2021

Before Judges Rothstadt and Mayer.

On appeal from the New Jersey Department of Corrections.

Tyquan Gibbs, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Jane C. Schuster, Assistant Attorney General, of counsel; Daniel S. Shehata, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Tyquan Gibbs, currently an inmate at New Jersey State Prison, appeals from a New Jersey Department of Corrections (DOC) final agency decision affirming the guilty finding for committing prohibited act *.002, assaulting any person. We affirm.

While Gibbs was incarcerated at Northern State Prison, he was involved in an incident in the facility's recreation yard. Gibbs and another inmate had an altercation. The other inmate claimed he fell off a piece of equipment in the recreation yard and injured himself. The injuries suffered by the other inmate included a fractured jaw, cut on the forehead, bruise to the right eye, and missing tooth. One of the officers in the yard at the time heard another inmate yell, "Gibbs beat up that dude in the yard." An investigation found Gibbs' clothing marked with blood and video footage showed Green assaulting the other inmate in the recreation yard. In addition, a review of the inmate telephone system revealed Gibbs called a female and told her he was involved in an altercation and would be "getting locked up."

Gibbs was charged with committing prohibited act *.002. After the charges were served, the DOC staff investigated and referred the matter to a hearing officer.

Gibbs pleaded not guilty to the charge and received the assistance of counsel substitute. After three postponements, a hearing was held on August 2, 2019. The evidence at the hearing included the video footage of the incident in the recreation yard. The hearing officer identified Gibbs as the perpetrator of the assault based on his "distinctive walk." Other evidence included the audio-recorded telephone conversation between Gibbs and a female, and testimony from the officer who heard an inmate yell "Gibbs beat up that dude in the yard."

Gibbs offered the following statement in his defense: "[I]f there's no body, there's no evidence, wasn't me." Gibbs offered no other statements, presented no witnesses, and declined to cross-examine the witnesses against him.

At the conclusion of the hearing, the hearing officer found Gibbs guilty of prohibited act *.002. The hearing officer sanctioned Gibbs to 365 days administrative segregation, 365 days loss of commutation time, and 180 days loss of recreational privileges. The sanctions imposed by the hearing officer were intended to deter Gibbs and other inmates from engaging in assaultive

3

behavior. In addition, the hearing officer noted Gibbs did not express any remorse for causing serious injuries to a fellow inmate.

Gibbs filed an administrative appeal from the hearing officer's determination. The Assistant Superintendent upheld the guilty finding and the sanctions imposed. This appeal followed.

On appeal, Gibbs argues the guilty finding was not supported by the evidence. We disagree.

Our scope of review of an agency decision is limited. In re Stallworth, 208 N.J. 182, 194 (2011); Figueroa v. N.J. Dep't of Corr., 414 N.J. Super. 186, 190 (App. Div. 2010). Reviewing courts presume the validity of the "administrative agency's exercise of its statutorily delegated responsibilities." Lavezzi v. State, 219 N.J. 163, 171 (2014). "We defer to an agency decision and do not reverse unless it is arbitrary, capricious[,] or unreasonable or not supported by substantial credible evidence in the record." Jenkins v. N.J. Dep't of Corr., 412 N.J. Super. 243, 259 (App. Div. 2010).

Having reviewed the record, we are satisfied there is sufficient credible evidence supporting the DOC's final decision. The videotape of the incident shows Gibbs assaulting another inmate in the recreation yard. In addition, an officer in the yard heard another inmate shout "Gibbs beat up the dude in the

4

yard." Further, Gibbs had a telephone conversation with a female in which he admitted he was involved in an altercation and would be "locked up" as a result. Based on this substantial and uncontroverted evidence, the DOC's guilty finding was not arbitrary, capricious, or unreasonable.

To the extent we have not addressed defendant's remaining arguments, we find them to be without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

5